BRYANT, Judge.
Where the file stamp on defendant's notice of appeal reflects that the notice was not received by or filed with the clerk within the time prescribed by Rule 4, we dismiss the appeal.
On 8 May 2000, defendant Brian Keith Locklear pled guilty pursuant to a plea arrangement to one count of second-degree rape, two counts of second-degree sex offense, and one count of first-degree burglary. In accordance with the plea arrangement, the trial court sentenced defendant to active terms of 107 to 138 months for second-degree rape, 107 to 138 months for the two consolidated counts of second-degree sexual offense, and 94 to 122 months for first-degree burglary. Defendant did not appeal.
On 15 February 2016, defendant filed a "Motion to Locate and Preserve Evidence and Motion for Post-Conviction DNA Testing" in superior court. The motion alleged that a number of pieces of evidence from the case against him needed "to be tested and preserved for the purpose of DNA testing[.]" It further alleged that such testing would exonerate defendant. On 3 March 2016, the trial court entered an order denying defendant's motion without an evidentiary hearing. Defendant appeals.
_________________________
As an initial matter, we must determine whether defendant's appeal is properly before this Court. Pursuant to N.C. Gen. Stat. § 15A-270.1, "[t]he defendant may appeal an order denying the defendant's motion for DNA testing under this Article, including by an interlocutory appeal." N.C. Gen. Stat. § 15A-270.1 (2015). However, any appeal under this statute must comply with our Rules of Appellate Procedure. Rule 4, which governs appeals in criminal cases, states:
Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a criminal action may take appeal by
(1) giving oral notice of appeal at trial, or
(2) filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of the judgment or order....
N.C. R. App. P. 4(a) (2017). In the instant case, the trial court did not conduct a hearing regarding defendant's motion, and thus, defendant could not give oral notice of appeal. Accordingly, defendant was required to file his notice of appeal with the clerk of superior court "within fourteen days after entry of" the trial court's order on 3 March 2016. Id.
The record in this case reflects that defendant's notice of appeal is dated 8 March 2016, but was not file stamped until 21 June 2016, well after the fourteen-day deadline in Rule 4. Moreover, the certificate of service attached to the notice of appeal, which is also dated 8 March 2016, indicates the notice of appeal was sent to the trial judge, rather than the Clerk of Superior Court,[1] in further violation of the Appellate Rules. Under Rule 26(a)(1), any filing by mail "may be accomplished by mail addressed to the clerk, but is not timely unless the papers are received by the clerk within the time fixed for filing...." N.C. R. App. P. 26(a)(1) (2017). Since the file stamp on defendant's notice of appeal reflects that the notice was not received by or filed with the clerk within the time prescribed by Rule 4, we lack jurisdiction and must dismiss this appeal.
DISMISSED.
Report per Rule 30(e).
Judges DAVIS and ZACHARY concur.

Defendant's notice of appeal also includes a handwritten note: "R'd 3/15/2016 Judge's office not Clerk's office. See attached envelope." However, this note is not signed and the referenced envelope was not included in the record on appeal.